# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**LaTonya Fuller,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0973** (Kanawha County 13-C-454)

**Board of Governors of West Virginia State University,**
**Defendant Below, Respondent**

**FILED**

**June 17, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner LaTonya Fuller, by counsel Scott H. Kaminski, appeals the order of the Circuit Court of Kanawha County, entered on September 4, 2015, that granted respondent's motion for summary judgment. Respondent Board of Governors of West Virginia State University appears by counsel Thomas S. Kleeh and Mark C. Dean.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, an African-American female, filed a complaint in the Circuit Court of Kanawha County on March 6, 2013, asserting causes of action on the basis of respondent superior for (1) wrongful discharge "in retaliation for reporting the hostile work environment and [her supervisor's] 'lack of attention to the students' safety" and for (2) the tort of outrage. Petitioner's claims are based on events occurring when she was employed as an educational outreach counselor with respondent's Upward Bound program and was responsible for chaperoning approximately 120 high school students on a weekend bus trip to Washington, D.C. As an employee of West Virginia State University, petitioner was a public employee, and she submitted, unsuccessfully, to the available grievance procedure.

The parties direct our attention to two relevant trip-related occurrences. First, petitioner twice instructed the driver to stop the non-air conditioned bus (one of three used on the trip) on which she was a passenger after two students reported, separately, that they were suffering asthma attacks. She moved the "ill" students to other buses. After the second stop, she exited the bus with four students and sent the bus on, without a chaperone, while she and the students waited for an air-conditioned bus. Petitioner avers that when the entire group arrived at the destination—a seafood restaurant at which the group planned to eat—petitioner's supervisor complained about petitioner's and the students' behavior. The second event occurred shortly afterward at the destination restaurant. Upon arriving, one of the students—who, it seems, had

1

previously disclosed to the program that she suffered a seafood allergy—contacted her father by telephone and asked petitioner to speak with him. The father told petitioner that the student should not enter the restaurant, and petitioner purchased food from another nearby restaurant for the student. Petitioner testified that her supervisor criticized petitioner and the student for these actions, and that the supervisor then began to behave in a volatile manner. Petitioner then, sometime between 5:30 p.m. and 8 p.m., went to a nearby hotel, contacted a friend, and attended an event that was not related to the Upward Bound excursion. Petitioner admits to drinking alcohol at that event. At 10:56 p.m., after the social event ended, petitioner contacted her supervisor via text message to inform the supervisor that petitioner would not return to the group. Upon petitioner's return to Charleston, she brought these issues to respondent's administration's attention, then was placed on administrative leave pending investigation. Her employment ultimately was terminated.

After a period of discovery, respondent filed a motion for summary judgment. The circuit court granted that motion by order entered on September 14, 2015, after finding, first, that petitioner failed to present any evidence that race or gender was a motivating factor in her termination and, second, that petitioner failed to present any evidence of pretext. Petitioner's sole assignment of error on appeal is that the circuit court erred in granting respondent's motion for summary judgment because there were genuine issues of material fact as to whether petitioner was terminated in retaliation for reporting a hostile work environment and unsafe work conditions in violation of *Harless v. First National Bank*, 162 W.Va. 116, 246 S.E.2d 270 (1978). Accordingly, we apply the de novo standard of review pursuant to syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994)("A circuit court's entry of summary judgment is reviewed *de novo*."). As we explained in *Painter*, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Id.*, Syl. Pt. 2.

Respondent contends that petitioner did not assert a *Harless* claim, and did not even mention such a claim until filing a supplemental response to respondent's motion for summary judgment "on the eve of hearing." Petitioner argues that the *Harless* claim was sufficiently asserted in the complaint initiating the action, and "[r]espondent simply failed to recognize the claim. . . ."[1] Respondent counters, on the other hand, that petitioner's statement that her employment was terminated "in retaliation for reporting the hostile work environment and [her supervisor's] 'lack of attention to the students' safety'" was inadequate to alert respondent or the circuit court that she intended to proceed under *Harless*.

Irrespective of whether petitioner appropriately pled her retaliatory discharge claim, we

---

[1] Petitioner moved to amend her complaint to assert a cause of action for "violation of the West Virginia whistle-blower act[,]" found at West Virginia Code § 6C-1-1, et seq. The motion to amend was granted, but the circuit court later dismissed this claim for having been filed outside the 180-day limitations period for such claims. The parties did not include the motion to amend or the order granting that motion in the appendix record on appeal. Respondent argues that the West Virginia Whistle-Blower Law is the exclusive remedy for petitioner's retaliation claims, thereby preempting any *Harless* claim she has asserted.

find no error in the circuit court's order. We have held that, in a retaliatory discharge case, the employer may defend the discharge by showing a legitimate, nonpretextual, and nonretaliatory reason for its action. As we explained in Syllabus Point 2 of *Powell v. Wyoming Cablevision, Inc.,* 184 W.Va. 700, 403 S.E.2d 717 (1991):

> When an employee makes a prima facie case of discrimination, the burden then shifts to the employer to prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act.

In its order granting summary judgment, the circuit court specifically found that respondent "produced a legitimate, non-discriminatory reason for [petitioner's] termination, namely, [petitioner's] leaving the Upward Bound field trip in Washington, D.C. without notifying her supervisor until hours later." The circuit court noted that petitioner did not dispute that she did so, and then found that petitioner offered no evidence of pretext. We agree with the circuit court. Regardless of the nomenclature under which petitioner presents her claims, it is apparent that her employment was terminated because she abandoned her responsibilities at a critical and ill-chosen moment, showing absolutely no regard for the well-being of her young charges. Petitioner has proffered no evidence of pretext and there is no question of material fact.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 17, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3